## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KARIN WENG,<br>            Appellant, | DOCKET NUMBER<br>CB-7121-13-0180-V-1 |
| v. | |
| DEPARTMENT OF LABOR,<br>            Agency. | DATE: March 12, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Karin Weng, Rockville, Maryland, pro se.

Laura K. Teresinski, Esquire, and Rolando Valdez, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      Pursuant to the Board's instructions in its April 17, 2014 Order, the administrative judge issued an August 28, 2014 recommendation on the appellant's allegation of an involuntary resignation.  For the reasons set forth

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

below, we ADOPT the administrative judge's recommendations in this Final Order and DISMISS the appellant's request for review for lack of jurisdiction.

¶2      The pertinent background for this case is set forth in our Order forwarding the matter to the regional office for an addendum proceeding on the issues of Board jurisdiction over the appellant's alleged involuntary resignation, discrimination, and reprisal claims. *Weng v. Department of Labor*, MSPB Docket No. CB-7121-13-0180-V-1 (V-1 File), Order (Apr. 17, 2014). We found that the arbitrator erred in his legal analysis by not allowing additional evidence to be presented in accordance with Board law relating to allegations of an involuntary resignation; and therefore there was a question of whether we had jurisdiction over the appeal. *Id.* at 3, 7. We forwarded the matter to the Washington Regional Office (WRO) to make recommended findings on the appellant's involuntary resignation claim and, if the administrative judge found that the Board had jurisdiction over this claim, to make further findings on her discrimination and reprisal claims. *Id.* at 8.

¶3      An administrative judge at WRO issued a recommendation decision that found the appellant failed to make a nonfrivolous allegation that her resignation was involuntary and recommended that the case be dismissed for lack of jurisdiction. *Weng v. Department of Labor*, MSPB Docket No. CB-7121-13-0180-H-1 (H-1 File), Tab 27, Recommendation Decision (RD) at 5-6.[2] The administrative judge found that the appellant, who was represented by counsel during this period, did not provide a responsive pleading to the jurisdictional order that required her to make a nonfrivolous allegation of Board jurisdiction over her alleged involuntary resignation and that the appellant's statement that she was resigning based on the advice of her union representative was not an allegation of involuntariness. RD at 2-5. The administrative judge also found

---

[2] The recommendation decision was initially issued erroneously as an initial decision, however, WRO issued an erratum order advising the parties that the decision was a recommendation and of their right to file exceptions with the Board. *Id.*, Tab 29.

that the appellant had a choice between unpleasant alternatives, but the choice between unpleasant alternatives did not render her resignation involuntary. RD at 5. She found that the appellant did not allege that she was subject to working conditions so intolerable that she was forced to resign. RD at 5. Because the appellant did not make a nonfrivolous allegation of jurisdiction that her resignation was involuntary, the administrative judge recommended that the case be dismissed for lack of jurisdiction. RD at 5-6.

¶4 After she issued the recommendation, the administrative judge informed the parties that the recommendation would be forwarded back to the Board and that the parties could file exceptions to the recommendation with the Clerk of the Board within 20 days of the issuance of the recommendation. H-1 File, Tab 29. The appellant has filed exceptions to the administrative judge's recommended decision. V-1 File, Tab 13. The agency has responded to the appellant's exceptions, and the appellant submitted a reply to the agency's response. V-1 File, Tabs 14, 16.

The appellant failed to make a nonfrivolous allegation that her resignation was involuntary due to agency misinformation.

¶5 In her submission to the administrative judge, the appellant argued that the agency's failure to correct the information regarding her resignation's effect on her appeal rights resulted in her relying on misinformation and rendered her resignation involuntary. H-1 File, Tab 13 at 11-12. The administrative judge did not address this argument in her recommendation decision. We disagree with the appellant's argument that her resignation was involuntary due to agency misinformation.

¶6 An employee's resignation is presumed to be a voluntary action and, as such, outside the Board's appellate jurisdiction. *Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 7 (2009). An involuntary resignation, however, is tantamount to a removal and, accordingly, is appealable to the Board. *Id.* To establish entitlement to a jurisdictional hearing, an appellant need not allege facts

which, if proven, definitely would establish that the resignation was involuntary; she need only allege facts which, if proven, could establish such a claim. *Frison v. Department of the Army*, 94 M.S.P.R. 431, ¶ 4 (2003).

¶7        To establish Board jurisdiction over a constructive adverse action, such as an involuntary resignation, an appellant must show that:  (1) she lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice.  *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013).  An appellant may overcome the presumption of voluntariness by presenting sufficient evidence to establish that the action was obtained through duress or coercion or show that a reasonable person would have been misled by the agency.  *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). The touchstone of the voluntariness analysis is whether, considering the totality of circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice.  *Id.*  Application of this totality of circumstances test must be gauged by an objective standard rather than by the employee's purely subjective evaluation.  *Heining v. General Services Administration*, 68 M.S.P.R. 513, 519-20 (1995).  Furthermore, it is well settled that most resignations are not constructive removals and that the "'doctrine of coercive involuntariness is a narrow one' requiring that the employee 'satisfy a demanding legal standard.'"  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc).

¶8        An agency is required to provide accurate information to permit an employee to make an informed, and thus voluntary, decision regarding her resignation. *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9 (2010).  A decision made "with blinders on," based on misinformation or lack of information, cannot be binding as a matter of fundamental fairness and due process.  *Freeborn v. Department of Justice*, 119 M.S.P.R. 290, ¶ 10 (2013) (quoting *Covington v. Department of Health & Human Services*, 750 F.2d 937, 943 (Fed. Cir. 1984)).  The Board has stated that the principles set forth in our

reviewing court's decisions in *Scharf v. Department of the Air Force*, [710 F.2d 1572](), 1574-75 (Fed. Cir. 1983), and *Covington* require an agency to provide information that is not only correct in nature but adequate in scope to allow an employee to make an informed decision and that this includes an obligation to correct any erroneous information on which it has reason to know an employee is relying. *Freeborn*, [119 M.S.P.R. 290](), ¶ 10.

¶9    Here, it is undisputed that the appellant's union was the source of any misinformation she received regarding her ability to appeal if she resigned. V-1 File, Tab 1, Subtab 19, Subtab 26 at 89-91. While the appellant may feel that she was misled by the union representatives, they are not representatives of the agency and their acts cannot be imputed to the agency. *See Green v. Department of Veterans Affairs*, [112 M.S.P.R. 59](), ¶ 9 (2009). The appellant argued in her response to the administrative judge that the agency was obligated to correct the erroneous advice given to her. H-1 File, Tab 13 at 11-12. However, the agency's obligation is only triggered when it knows the appellant is relying on the misinformation. *Willis v. Department of the Air Force*, [56 M.S.P.R. 433](), 440 (1993), *aff'd*, 29 F.3d 645 (Fed. Cir. 1994) (Table). The appellant has not alleged that the agency knew her union representatives had advised her that she could continue to pursue her appeal if she resigned her position. In fact, the appellant testified at the arbitration hearing that she had never discussed the option of resigning with agency officials. V-1 File, Tab 1, Subtab 26 at 94-95. In addition, the appellant stated that she met with her union representatives who advised her to resign and that she immediately returned to her desk and sent an email at 3:45 p.m. that stated she was resigning effective at 4 p.m. that day. *Id.* at 90-91. The appellant provided little, if any, time for the agency to respond, even if it had been aware of her reliance on the union's misinformation. Finally, it is well established Board law that the appellant is responsible for the errors of her chosen representatives. *Sofio v. Internal Revenue Service*, [7 M.S.P.R. 667](), 670 (1981).

Therefore, we find that the appellant has not made a nonfrivolous allegation that her involuntary resignation resulted from agency misinformation.

**The appellant failed to make a nonfrivolous allegation that her resignation was involuntary due to duress or coercion.**

¶10    The appellant argues in her exceptions both that the administrative judge erred in limiting her analysis of duress to three elements and that she has submitted sufficient evidence and argument using these elements to make a nonfrivolous allegation of duress.  V-1 File, Tab 13 at 12-14.  The administrative judge recommended finding that the appellant had not made a nonfrivolous allegation, relying in part on the three elements for duress set forth in *Fruhauf Southwest Garment Co. v. United States*, 111 F. Supp. 945, 951 (Ct. Cl. 1953).  RD at 4-5.  We agree.

¶11    Three elements are generally common to all situations where the employee has tendered her resignation in the face of a threatened or proposed adverse action:   (1) one side involuntarily accepted the terms of another; (2) the circumstances permitted no other alternative; and (3) said circumstances were the result of coercive acts of the opposite party.  *Heining*, at 68 M.S.P.R. at 520 (citing, among other cases, *Fruhauf Southwest Garment Co.*, 111 F. Supp. at 951).  However, in the case where intolerable working conditions are alleged, these elements must be tailored and/or expanded to fit the situation.  *Id.*  When, as here, an employee claims that her resignation was the result of intolerable working conditions, she must show that a reasonable employee in her position would have found the working conditions so oppressive that she would have felt compelled to resign. [3]  *See Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5

---

[3] "[W]here an employee is faced merely with the unpleasant alternatives of resigning or being subject to a removal for cause, such limited choices do not make the resulting resignation an involuntary act."  *Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987).  However, if the appellant alleged that the agency knew that it could not substantiate the removal, then the agency's action is coercive.  *Id.*  The appellant has not alleged that the agency knew that it could not substantiate her removal.

(2010). The recommendation decision accurately reflects this legal analysis. RD at 4.

¶12      The appellant argues that the agency imposed the terms of her resignation and that she had no alternative but to resign from her position because the agency had issued a final decision to remove her. V-1 File, Tab 13 at 14-16. In addition, she cites to a case, which she alleges supports her position that she did not give up her appeal rights in her resignation letter. *Id.* at 16. Here, the appellant had the choice to resign or to challenge her removal; she elected to submit her resignation on the day of her removal. V-1 File, Tab 1, Subtab 19. The appellant knew how to challenge personnel actions, as evidenced by her citation to a district court settlement of $295,000 to resolve grievances during the period of her employment from 2009-2011. H-1 File, Tab 13 at 6-7. In addition, the appellant states in her exceptions that she has ten other grievances pending against the agency, where the union has invoked arbitration. V-1 File, Tab 13 at 19. Therefore, we conclude that the appellant had the freedom to choose which action she wished to pursue, and she chose to resign.

¶13      The appellant argues that her situation was analogous to the Board's decision in *Scalese v. Department of the Air Force*, 68 M.S.P.R. 247, 249 (1995). V-1 File, Tab 13 at 16. She points to her written statement, made in connection with her resignation, "I do not waive my appeal rights," as evidence that she intended to appeal the decision similar to the appellant in *Scalese*. We do not find that, by making this statement, the appellant retained rights she otherwise waived. The appellant in *Scalese* retired on the same date as his removal was to be effective; therefore, he was able to challenge his removal under 5 U.S.C. § 7701(g), a provision that is inapplicable to the resignation at issue here. *See Scalese*, 68 M.S.P.R. at 248. The Board specifically stated in *Scalese* that whether the agency constructively removed the appellant was not at issue. *Id.* at 249.

¶14    The appellant's situation is more analogous to our decisions in *Green*, 112 M.S.P.R. 59, and *Gordon v. Veterans Administration*, 19 M.S.P.R. 532 (1984), *aff'd*, 790 F.2d 92 (Fed. Cir. 1986) (Table), where the Board found that it lacked jurisdiction over the purported removal appeals because each appellant voluntarily resigned on the effective dates of their removals. *Green*, 112 M.S.P.R. 59, ¶¶ 12-13; *Gordon*, 19 M.S.P.R. at 533. The Board has found that an employee cannot make an accepted agency action involuntary solely by writing the words "under duress" or "signed under protest." *Reed v. U.S. Postal Service*, 99 M.S.P.R. 453, ¶¶ 12, 15 (2005), *aff'd*, 198 F. App'x 966 (Fed. Cir. 2006). For the same reason, the appellant's statement in her resignation email does not automatically make her resignation involuntary. The appellant must allege that the action was obtained through duress or coercion and not just that she selected between two unpleasant alternatives. *Loggins v. U.S. Postal Service*, 112 M.S.P.R. 471, ¶ 12 (2009).

¶15    The appellant provides a chronology of her issues with her agency's management in support of her claim that a hostile work environment made her working conditions intolerable. V-1 File, Tab 13 at 16-19. The appellant cites her numerous equal employment opportunity (EEO) complaints, arbitration awards, and settlements regarding agency actions from 2006 through 2010. *Id.* Even the most recent of these resolutions, a 2013 arbitration award, refers back to grievances from her 2009 and 2010 performance evaluations. *Id.* at 18. The appellant alleges that her working conditions became intolerable over a 6-year period leading up to her resignation, but she does not name any agency actions during 2011 and 2012, outside of being placed on a performance improvement plan. *Id.* at 19-20. An employee is not guaranteed a work environment free of stress. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult and unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Id.* In addition, we have previously found

that a lapse of time undercuts the appellant's assertions that working conditions were intolerable and compelled resignation. *See Searcy*, 114 M.S.P.R. 281, ¶ 13. In *Searcy*, the Board found that a 5-month lapse of time between when the appellant filed his first EEO complaint and when he resigned undercut his involuntariness claim. *Id.* In the present appeal, the appellant has alleged intolerable working conditions for 6 years but provided no evidence of any coercive event in over a year prior to her resignation. V-1 File, Tab 13 at 16-20. The lack of any alleged incidents during this period of time weakens any inference that her working conditions had become so intolerable she had to resign. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 16 (2009) (lack of incidents and reduced interaction with supervisors in the period leading up to resignation decision weakened inference that harassment and discrimination weighed heavily in the appellant's decision to resign). Therefore, we find that the appellant failed to make a nonfrivolous allegation that her daily working conditions were so intolerable that a reasonable person in her position would have felt compelled to resign.

Because the appellant has not established Board jurisdiction over her alleged adverse action, the Board cannot review her discrimination and reprisal claims or the arbitrator's decision.

¶16        The appellant's claims of discrimination based on disability and retaliation for engaging in protected activity are considered only as they related to the issue of voluntariness of her resignation. *See Markon v. Department of State*, 71 M.S.P.R. 574, 578-79 (1996). Only when it is established that the Board has jurisdiction over an appeal because there has been a constructive discharge may issues of discrimination and reprisal be adjudicated under the applicable standards for proof of discrimination and/or reprisal under Title VII, as the case is then a mixed case. *Id.* at 580. The administrative judge did not address the appellant's discrimination claims in her recommendations. Because we have found that the appellant failed to make a nonfrivolous allegation that her

resignation was involuntary, we find that the administrative judge did not err in failing to adjudicate these claims. *See Collins v. U.S. Postal Service*, 100 M.S.P.R. 332, ¶ 17 (2005).

¶17    The Board has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) only when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant has alleged discrimination under 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Sadiq v Department of Veterans Affairs*, 119 M.S.P.R. 450, ¶ 4 (2013). Because we find the appellant has failed to make a nonfrivolous allegation that her resignation was involuntary, the appellant has not alleged an appealable action over which the Board has jurisdiction. Therefore, the Board does not have jurisdiction to review the arbitrator's decision, and the appellant's request for review must be dismissed for lack of jurisdiction.[4]

None of the appellant's procedural claims warrants remanding the case for additional adjudication.

¶18    The appellant argues that the Board's treatment of her case by the WRO as an appeal resulted in confusion and hindered her ability to respond to the administrative judge's order. V-1 File, Tab 13 at 7-8. The appellant states that her counsel could not determine from the acknowledgment order she received whether it was an appeal of an adverse action or a de novo review of the arbitrability issue. *Id.* at 7. In the Board's order that forwarded this case to the WRO, the Board acknowledged that there was a question of whether it had jurisdiction over this case. V-1 File, Tab 10, Order at 3. The Board directed the administrative judge to conduct proceedings as necessary and to make findings regarding the Board's jurisdiction. *Id.* at 8. We agree that the acknowledgment

---

[4] Because the Board lacks jurisdiction to review the arbitrator's decision, we VACATE those portions of our April 17, 2014 Order that initially granted the appellant's request for review and that vacated the arbitration award. V-1 File, Tab 10, Order at 1, 7. Under 5 U.S.C. § 7121(d), the Board may only review an award over which it has jurisdiction.

order issued by the administrative judge was not sufficiently tailored to meet the present case in that it contained language referencing an initial appeal and rights under a timely-filed appeal that were not applicable to this case; however, the acknowledgment order provided clear notice to the appellant of her obligation to submit evidence and argument that the Board had jurisdiction over her case. H-1 File, Tab 2 at 2-3. The acknowledgment order advised the appellant of the limits on Board jurisdiction in involuntary resignation cases. *Id.* The appellant filed a motion for clarification; however, it did not address the jurisdictional order and only sought a discovery order and approval to submit additional relevant evidence to pursue her claim. H-1 File, Tab 4 at 3. The administrative judge advised the appellant of what she must submit to make a nonfrivolous allegation of an involuntary resignation and to receive a hearing on the issue of jurisdiction. H-1 File, Tab 2 at 2-3. We find no evidence that the administrative judge's failure to rule on the appellant's motion for clarification affected the appellant's substantive rights or constituted error. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶19    Finally, the appellant argues that the administrative judge erred in her refusal to review all of the documents the appellant submitted prior to making her determination on jurisdiction. V-1 File, Tab 13 at 8. The appellant cites to a prior Board decision that stated that the administrative judge must consider evidence submitted towards proof of the involuntariness of her claim. *Id.* at 8-9 (citing *Markon*, 71 M.S.P.R. at 580-81). The appellant is correct that the administrative judge must consider evidence submitted; however, the appellant has the responsibility to articulate her claims with "reasonable clarity and precision" with substantive details establishing jurisdiction or risk being found to have failed to meet her burden of making a nonfrivolous allegation. *See Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036-37 (Fed. Cir. 1993)

(discussing this requirement in the context of an appellant's obligation to prove exhaustion of a complaint of whistleblower reprisal). In addition, it is not the Board's obligation to pore through the record or to construe and make sense of allegations based on various parts of an extremely voluminous case file. *Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18, n.2 (2002); *see Corley v. Rosewood Care Center, Inc. of Peoria*, 388 F.3d 990, 1001 (7th Cir. 2004) ("[W]e will not root through the hundreds of documents and thousands of pages that make up the record here to make [the plaintiff's] case for him."). The appellant provided a single response to the administrative judge's jurisdictional order but did not direct the administrative judge to where in the voluminous pleadings and corrections the evidence of the appellant's nonfrivolous allegation could be found. H-1 File, Tab 13. The administrative judge had no obligation to go beyond that and review every page to make the appellant's case for her. Therefore, we find no error in the administrative judge's action.

¶20 This is the final decision of the Merit Systems Protection Board on the appellant's request for arbitration review. Title 5 of the Code of Federal Regulations, section 1201.113(b) (5 C.F.R. § 1201.113(b)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                   _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.